UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIAM D. FUNDERBURGH, III,

    Plaintiff,

    v.     CAUSE NO. 3:20-CV-1059-JD-MGG

THOMAS HOBBS, et al.,

    Defendants.

## AMENDED OPINION AND ORDER[1]

William D. Funderburgh, III, a prisoner without a lawyer, filed this lawsuit alleging that he has been denied a diet suitable for his Crohn's disease while housed at the Miami Correctional Facility. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Funderburgh alleges that he was diagnosed with Crohn's disease in 1997. Due to his condition, over time he has discovered that there are foods he cannot tolerate, including acidic foods, foods containing soy, processed meats, most dairy products, and spices. Funderburgh was transferred to Miami Correctional Facility

---

[1] This order is amended to correct a clerical error on page three.

in October of 2018. At Miami, he has repeatedly requested a diet suitable for his condition. Dr. Marandet has repeatedly told him that no such diet is available. Instead, he must pick and choose what he eats from his tray. After learning from an inmate that works in the kitchen that the "pre-renal" diet was as close to what he needs as is offered, he asked Mrs. Hayden, the manager for ARAMARK foods, for that diet. She forwarded the request to the medical department. He has relayed his request to Mr. Thomas Hobbs and Dr. Dauss too, but he has obtained no relief. Mr. Funderburgh weighed 212 pounds when he arrived at Miami, and has lost considerable weight. His weight now fluctuates between 169 pounds and 186 pounds. He seeks injunctive relief in the form of a diet suitable for someone with Crohn's disease.

To establish an Eighth Amendment claim for constitutionally inadequate medical care, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Here, giving Funderburgh the favorable inferences to which he is entitled at this stage of the proceedings, he states a plausible claim. However, because he seeks only injunctive relief, the warden of Miami Correctional Facility, in his official capacity, is the correct defendant. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) ("[T]he warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out."). Therefore, the clerk will be directed to edit the docket accordingly by adding the Warden of Miami Correctional Facility in his official capacity as a defendant.

For these reasons, the court:

(1) DIRECTS the Clerk to add the Warden of Miami Correctional Facility in his official capacity as a defendant;

(2) GRANTS William D. Funderburgh, III, leave to proceed against the Warden of Miami Correctional Facility in his official capacity for permanent injunctive relief to provide William D. Funderburgh, III, with a medically appropriate and adequate diet, as required by the Eighth Amendment;

(3) DISMISSES Thomas Hobbs RN, BSN, Dr. Noe Marandet, Dr. Kim Myers, Dr. Carl Kuenzli, and Mrs. Hayden;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) the Warden of the Miami Correctional Facility at the Indiana Department of Correction with a copy of this order and the complaint (ECF 2), pursuant to 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that the Warden of the Miami Correctional Facility respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 10, 2021.

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT