UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM D. FUNDERBURGH, III, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-1059-MGG |
| WILLIAM HYATT, | |
| Defendant. | |

OPINION AND ORDER

William D. Funderburgh, III, a prisoner without a lawyer, is proceeding in this case against Miami Correctional Facility ("MCF") Warden William Hyatt "in his official capacity for permanent injunctive relief to provide William D. Funderburgh, III, with a medically appropriate and adequate diet, as required by the Eighth Amendment[.]" ECF 9 at 3. On February 2, 2022, Warden Hyatt filed a motion for summary judgment. ECF 39. With the motion, Warden Hyatt provided Funderburgh the notice required by N.D. Ind. L.R. 56-1(f). ECF 41. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b)(1), "[a] party opposing [a summary judgment] motion must, within 28 days after the movant serves the motion, file and serve (A) a response brief; and (B) any materials that the party contends raise a genuine dispute."[1] On March 2, 2022, Funderburgh filed a motion requesting an extension of time to file a

---

[1] Local Rule 56-1 was amended on February 25, 2022. Because the defendants' summary judgment motion was filed before that date, the prior version of Local Rule 56-1 applies.

response. ECF 42. The court granted Funderburgh's request and extended the deadline to file a response until April 4, 2022. ECF 43. On April 1, 2022, Funderburgh submitted a letter requesting to voluntarily dismiss this case without prejudice. ECF 44. On May 20, 2022, this court denied Funderburgh's request to dismiss this case without prejudice and granted him until June 27, 2022, to file either a motion to dismiss this case with prejudice or a response to Warden Hyatt's summary judgment motion. ECF 47. The court warned Funderburgh that, if he did not file either a motion to dismiss this case with prejudice or a response to the summary judgment motion, the court may rule on Warden Hyatt's summary judgment motion without the benefit of a response. *Id.* On June 17, 2022, Funderburgh submitted an unsigned letter requesting that the court dismiss this case with prejudice. ECF 52. On June 22, 2022, this court sent Funderburgh a copy of his unsigned letter and granted him until July 1, 2022, to resubmit a signed copy of the letter. This deadline passed over a month ago, but Funderburgh has not filed any signed document requesting that this case be dismissed with prejudice or any response to Warden Hyatt's summary judgment motion. Therefore the court will now rule on Warden Hyatt's summary judgment motion.

Warden Hyatt argues he has not been deliberately indifferent to Funderburgh's Crohn's disease because he has reasonably relied upon the professional judgment of MCF's medical staff to provide him with constitutionally adequate medical treatment. ECF 40 at 7-12. Warden Hyatt submits Funderburgh's medical records, which show the

following:[2] While at MCF, Funderburgh has regularly attended chronic care visits for his Crohn's disease. ECF 39-2 at 10, 40, 62, 76, 113, 131, 151, 157, 183. Members of medical staff have treated his Crohn's disease with prescription medications and have regularly altered his medications and dosages based on his condition. *Id.* at 61-62, 147-48, 157, 161, 194. Funderburgh has experienced occasional symptoms related to his Crohn's disease throughout his incarceration at MCF, but his condition has mostly remained stable and well controlled. *Id.* at 10, 76, 113, 151, 157. Funderburgh submitted requests to the medical staff to receive a prerenal or bland diet to help treat his Crohn's disease, but physicians rejected his requests because there is no specific diet for Crohn's disease and his requests were inconsistent with his commissary purchases. *Id.* at 28, 31-32, 38, 54, 126-28.

Warden Hyatt also submits an affidavit, in which he attests to the following: Warden Hyatt is not a medical professional, does not have any medical training, and is not responsible for making medical determinations for Funderburgh or any other offender. ECF 39-1 at 2.[3] Instead, he relies upon and defers to the medical staff at MCF to make appropriate medical determinations for Funderburgh and other offenders. *Id.* Warden Hyatt is responsible for ensuring that MCF's medical staff provides offenders with adequate medical care, but it would be improper for him to intervene and attempt

---

[2] Because Funderburgh has not responded to Warden Hyatt's summary judgment motion, the court accepts the contents of his medical records as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

[3] The court accepts Warden Hyatt's attestations as undisputed.

3

to override the medical care determinations made by the medical staff. *Id*. He does not recall being personally contacted by Funderburgh regarding his medical treatment. *Id.*

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "A layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Thus, if a prisoner is under the care of medical experts, "a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)); *see also Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (a non-medical professional is entitled to "rely on the expertise of medical personnel"). This protection applies unless the non-medical defendant has "a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner." *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012).

Here, it is undisputed Warden Hyatt is not a medical professional and relied on the expertise of MCF's medical staff to provide Funderburgh constitutionally adequate medical care for his Crohn's disease. Thus, in order to find Warden Hyatt liable for deliberate indifference, Funderburgh must provide evidence that Warden Hyatt believed or had a reason to believe MCF's medical staff was mistreating or not treating

4

Funderburgh's Crohn's disease. But the record contains no such evidence. Instead, Funderburgh's medical records show the medical staff regularly monitored his condition, prescribed and altered his medication as necessary, and rejected his diet requests pursuant to their professional judgment, as there is no specific diet for Crohn's disease and his diet requests were inconsistent with his commissary purchases. Thus, Warden Hyatt was entitled to rely on the expertise of MCF's medical staff to treat Funderburgh's Crohn's disease, and no reasonable jury could conclude he violated Funderburgh's Eighth Amendment rights by doing so. Summary judgment is warranted in favor of Warden Hyatt.

For these reasons, the court:

(1) GRANTS Warden Hyatt's summary judgment motion (ECF 39); and

(2) DIRECTS the clerk to enter judgment in favor of Warden William Hyatt and against William D. Funderburgh, III.

SO ORDERED on this 26th day of August, 2022.

 s/ Michael G. Gotsch, Sr.
MAGISTRTATE JUDGE
UNITED STATES DISTRICT COURT